```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIS J. CUNNIFF,

                    Plaintiff,                                    MEMORANDUM AND ORDER

        - against -

DEPARTMENT OF THE TREASURY,                                       2:05-cv-03399-ENV-JO

                    Defendant.
------------------------------------------------------------X
```

VITALIANO, D.J.

Chris J. Cunniff ("plaintiff") moves for reconsideration of this Court's order of January 3, 2006 (Feuerstein, D.J.) denying his application for the appointment of counsel in this employment discrimination action. For the following reasons, plaintiff's motion for reconsideration is denied.

## Facts and Procedural History

On June 29, 2005, the United States Merit Review Board denied plaintiff's petition for review of the March 5, 2004 decision of the Merit Systems Protection Board, New York Field Office, affirming his removal from the position of Correspondence Examination Technician with the Internal Revenue Service. Plaintiff brought this employment discrimination action pursuant to 5 U.S.C. § 7703(b)(2) for review of the final decision of the Merit Review Board on July 20, 2005. On September 7, 2005, this Court granted plaintiff's application to proceed *in forma pauperis*, and the Clerk of the Court issued a summons to the United States Department of the

Treasury ("defendant"), the United States Attorney for the Eastern District of New York, and the Attorney General on September 13, 2005. Defendant answered on November 9, 2005. Plaintiff moved for the appointment of counsel on November 21, 2005 and requested that both the initial conferences before the district judge and the magistrate judge be adjourned until a decision was rendered on that motion. Both conferences were adjourned without date.

Plaintiff's motion for the appointment of counsel was denied by Judge Feuerstein because "*inter alia*, (1) plaintiff has adequately and competently set forth his claims in his complaint; (2) plaintiff appears capable of preparing and presenting his case; (3) the legal issues in this case do not appear to be particularly complex; and (4) there is no special reason to appoint counsel at this time." Order at 3. This motion for reconsideration followed.

## Discussion

A motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003). Local Rule 6.3 provides that a movant seeking reconsideration shall "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus to be entitled to reconsideration, "'the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Federal Express Corp., supra, 268 F. Supp. 2d at 195 (quoting Wiesner v. 321 West 16th St. Assocs., 2000 WL 1585680, at *2 (S.D.N.Y. 2000)). See also Park South

Tenants Corp. v. 200 Central Park South Assocs., L.P., 754 F. Supp. 352, 354 (S.D.N.Y.), aff'd 941 F.2d 112 (2d Cir. 1991).

Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Whether or not to grant such a motion "is within the sound discretion of the district court." Federal Express Corp., supra, 268 F. Supp. 2d at 195.

In his motion for reconsideration, plaintiff makes no new arguments and cites no law, much less law claimed to have been overlooked by the Court. Indeed, plainitff's motion is simply a transmittal letter for the letter of his physician, Dr. Sameh Wahba, apparently sent to provide some medical imprimatur for plaintiff's previously expressed argument that he needed appointed counsel because his social anxiety disorder would not allow him to represent himself properly at pre-trial conferences. See Letters from Chris J. Cunniff (Dec. 16, 2005), (Nov. 22, 2005).

Further, it is precisely this disability that underlies plaintiff's discrimination claim and is at the heart of his appeal from the Merit Systems Protection Board's adverse decision and the subsequent Merit Review Board affirmance. Indeed, in the prior proceedings under review, Dr. Wahba submitted essentially the same proof now reasserted on this motion for reconsideration.

Thus, plaintiff has failed to bring anything new to the Court's attention. Making a better argument or providing recapitulated documentation that was readily available at the time the

motion was originally determined does not support reconsideration. In the absence of any new facts or any new law, this Court has no ground on which to reconsider its prior decision.

The motion is denied.

SO ORDERED

DATED: Brooklyn, New York
April 10, 2006

ERIC N. VITALIANO
United States District Judge

Sent To:

The Hon. Judge James Orenstin

Chris J. Cunniff

Denise McGinn, Esq.
United States Attorneys Office, EDNY